1   **WO**                                                                          JDN

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Philip Gai,                           )   No. CV 05-1596-PHX-MHM (ECV)
                                          )
10              Plaintiff,                )   **ORDER TO SHOW CAUSE**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Maricopa County Sheriff's Office, et al.,  )
13                                        )
                Defendants.               )
14                                        )
                                          )
15  _____)

16          Plaintiff, formerly confined in the Maricopa County Lower Buckeye Jail in Phoenix,

17  Arizona, has filed a civil rights action pursuant to 42 U.S.C. § 1983, and an Application to

18  Proceed *In Forma Pauperis.*  The Court will deny the *in forma pauperis* application and

19  require Plaintiff to pay the $250.00 filing fee within 30 days or show cause why he should

20  not have to pay it immediately.

21  **A.      Application to Proceed In Forma Pauperis & Filing Fee.**

22          Because Plaintiff was a prisoner at the time he filed his Complaint, he became

23  obligated to pay the $250.00 civil action filing fee.  See Taylor v. Delatoore, 281 F.3d 844,

24  847 (9th Cir. 2002) ("Under the PLRA, all prisoners who file IFP civil actions must pay the

25  full amount of the filing fee."); 28 U.S.C. § 1915(b)(1).  A prisoner must pay the $250.00

26  civil action filing fee either in a lump sum or when granted the privilege of proceeding *in*

27  *forma pauperis*, incrementally pursuant to 28 U.S.C. § 1915(b)(1).  To apply to proceed *in*

28

**JDDL**

1   *forma pauperis*, a prisoner must submit an affidavit of indigency and a *certified* copy of his

2   trust account statement for the six months preceding the filing of the Complaint.  See 28

3   U.S.C. § 1915(a)(2).  Plaintiff applied to proceed *in forma pauperis* without *prepayment* of

4   the fees.  See Dkt. #1.

5           Plaintiff's financial condition, however, indicates that he is able to pay the filing fee.

6   At the time he filed his Complaint, Plaintiff's spendable balance was $800.20.  Accordingly,

7   Plaintiff's Application to Proceed *In Forma Pauperis* will be denied.  Moreover, the record

8   shows that Plaintiff is no longer in custody.  Consequently, Plaintiff will be required to pay

9   the $250.00 civil action filing fee in full unless he can show good cause within **thirty days**

10  why he should not be required to pay it immediately.

11          To comply, Plaintiff must file a pleading entitled "Response."  The response must be

12  made under penalty of perjury.  See 28 U.S.C. § 1746 (the oath requirement may be satisfied

13  when a person declares under penalty of perjury that the submission is true and correct, and

14  signs and dates the statement).  Plaintiff must *either* (1) identify his date of release and

15  promise to pay the $250.00 filing fee within 120 days of the date of his release, or (2) show

16  good cause why he should not be required to pay the fee within 120 days.  If Plaintiff

17  chooses to demonstrate good cause, he must describe his current financial condition in detail,

18  including his sources of income, whether he is employed, and any liabilities he may have.

19  Of course, Plaintiff may simply submit the $250.00 filing fee in lieu of a response.

20  **B.      Address Changes.**

21          In the notice of assignment issued in this action (Dkt. #2), Plaintiff was advised he

22  must file a notice of change of address if his address changes.  Plaintiff is again reminded

23  that at all times during the pendency of this action, Plaintiff shall immediately advise the

24  Court of any change of address and its effective date.  Such notice shall be captioned

25  "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of

26  Change of Address on all opposing parties.  The notice shall contain only information

27  pertaining to the change of address and its effective date, and shall not include a motion for

28  other relief.  Failure to timely file a notice of change of address may result in the dismissal

JDDL                                                    - 2 -

1  of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil

2  Procedure.

3  **C.      Warning of Possible Dismissal.**

4        Plaintiff should take notice that if he fails to timely comply with every provision of

5  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

6  41(b) of the Federal Rules of Civil Procedure.   See Ferdik v. Bonzelet, 963 F.2d 1258 (9th

7  Cir. 1992) (district court may dismiss action for failure to comply with any order of the

8  court).  In addition, until the method of collection of the filing fee is resolved, the Court will

9  not screen his action under 28 U.S.C. § 1915A.

10

11  **IT IS THEREFORE ORDERED THAT:**

12        (1) Plaintiff's motion to proceed *in forma pauperis* (Dkt. #1) without *prepayment* of

13  the civil action filing fee is **denied.**

14        (2)  Plaintiff shall have **thirty (30) days** from the date this Order is filed to either pay

15  the $250.00 filing fee in full or to respond as described in this Order.

16        (3)  The Clerk of Court shall enter a judgment of dismissal of this action without

17  prejudice and without further notice if Plaintiff fails to comply.

18        DATED this 27th day of March, 2006.

19

20

21  _____

22                  Mary H. Murgula
            United States District Judge

23

24

25

26

27

28